THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HANES, Appellant.—Appeal by the defendant, as limited by his motion, from (1) a sentence of the Supreme Court, Queens County (Shea, J.), imposed March 3, 1989, upon his conviction under indictment No. 4168/87 of perjury in the first degree, conspiracy in the fifth degree (two counts), criminal solicitation in the fourth degree, official misconduct (two counts), and tampering with a witness in the fourth degree, the sentence being an indeterminate term of 1 to 3 years' imprisonment for perjury and definite terms of one year's imprisonment for each count of conspiracy, six months' imprisonment for criminal solicitation, one year's imprisonment for each count of official misconduct, and one year's imprisonment for tampering with a witness, and (2) a sentence of the same court, also imposed March 3, 1989, upon his conviction under indictment No. 4842/87 of perjury in the first degree, bribe receiving in the third degree, official misconduct (two counts), conspiracy in the fifth degree, criminal solicitation in the fourth degree and obstructing governmental administration in the second degree, the sentence being an indeterminate term of 1 to 3 years' imprisonment for perjury in the first degree, an indeterminate term of 1 to 3 years' imprisonment for bribe receiving in the third degree, and definite terms of one year's imprisonment for each count of official misconduct, one year's imprisonment for conspiracy, six months' imprisonment for criminal solicitation, and six months' imprisonment for obstructing governmental administration, all the terms of imprisonment to run concurrently with each other and with the terms of imprisonment imposed with respect to indictment No. 4168/87.

Ordered that the sentences are modified, as a matter of discretion in the interest of justice, by vacating all provisions requiring the defendant to serve indeterminate terms of 1 to 3

years' imprisonment and terms of one year's imprisonment, and substituting therefor provisions imposing terms of six months' imprisonment and five years' probation, with the terms of imprisonment to run concurrently with and as conditions with the terms of probation; as so modified, the sentences are affirmed, and the case is remitted to the Supreme Court, Queens County, to fix the terms and conditions of probation and for further proceedings pursuant to CPL 460.50 (5).

The sentences imposed by the Supreme Court were excessive to the extent indicated. Mollen, P. J., Bracken, Sullivan and Balletta, JJ., concur.